David J. Molton
Rebecca L. Fordon (*pro hac vice* pending)
Kiersten A. Taylor (*pro hac vice* pending)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: rfordon@brownrudnick.com
Email: ktaylor@brownrudnick.com

*Counsel for Christopher Dorrien Johnson, Russell Homer,
Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly,
in their capacity as the Joint Official Liquidators and Foreign
Representatives of the AwalCo Entities*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 5) Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Master Fund,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Feeder 1 Fund Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company Limited,** | : | **Case No. 15-** |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 2) Limited,** | : | **Case No. 15-** |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 3) Limited,** | : | **Case No. 15-** |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 4) Limited,** | : | **Case No. 15-** |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |
| | : | |

**JOINT VERIFIED PETITION FOR RECOGNITION UNDER CHAPTER 15
AND FOR ADDITIONAL RELIEF UNDER 11 U.S.C. § 1521**

Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as the joint official liquidators ("JOLs") and duly appointed foreign representatives (the "Petitioners") of the AwalCo Entities,[1] debtors in bankruptcy proceedings (the "Cayman Islands Proceedings") under Part V of the Companies

---

[1] The "AwalCo Entities" or the "Debtors," along with the last four digits of each Debtor's registration number, are: Awal Master Fund (8344); Awal Feeder 1 Fund Limited (8345); Awal Finance Company Limited (2434); Awal Finance Company (No. 2) Limited (6834); Awal Finance Company (No. 3) Limited (6837); Awal Finance Company (No. 4) Limited (4954); and Awal Finance Company (No. 5) Limited (6754). The mailing address of the Debtors' Registered Office is c/o Chris Johnson Associates, P.O. Box 2499, Elizabethan Square, 80 Shedden Road, George Town Grand Cayman KY1-1104, Cayman Islands.

2

Law of the Cayman Islands (2013 Revision) (the "Cayman Companies Law") currently pending before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Islands Court"), and each a Cayman Islands Company formed under the Cayman Companies Law and registered in the Cayman Islands, by their undersigned counsel, respectfully submit this joint verified petition (the "Recognition Petition")[2] seeking the entry of the proposed order attached as **Exhibit A** (the "Recognition Order"), (i) recognizing the Cayman Islands Proceedings as foreign main proceedings pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) recognizing the Petitioners as the "foreign representatives" of the Debtors as defined in section 101(24) of the Bankruptcy Code, and (iii) granting related relief under section 1521 of the Bankruptcy Code. If the Court concludes that the Cayman Islands Proceedings are not eligible for recognition as foreign main proceedings, Petitioners seek recognition of the Cayman Islands Proceedings as foreign nonmain proceedings as defined in 11 U.S.C. § 1502(5) and seek relief under section 1521 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1. On October 12 and 28, 2009, the Debtors filed petitions for court supervision of insolvency proceedings in the Cayman Islands Court pursuant to section 124 of the Cayman Companies Law. On November 16, 2009, the Cayman Islands Court entered orders appointing the Petitioners as the JOLs for the Debtors pursuant to section 124 of the Cayman Companies Law (the "Supervision Orders"). See Supervision Orders attached hereto as **Exhibit B**. Under the law of the Cayman Islands, the Petitioners are authorized to administer and monetize the Debtors' assets and to act as their representatives by, *inter alia*, winding down the

---

[2] Simultaneously with this Joint Verified Petition, Petitioners have filed voluntary petitions for Chapter 15 relief for each of the AwalCo Entities, as well as a motion seeking joint administration of each Chapter 15 case. For the convenience of the Court and parties-in-interest, the Petitioners are filing this Joint Verified Petition, as well as a supporting memorandum of law and declaration, solely on the docket of Debtor Awal Finance Company (No. 5) Limited.

Debtors' business, administering claims against the Debtors, and representing the Debtors in all legal actions, including transactions in connection with the Cayman Islands Proceedings. Thus, the Petitioners are entitled to commence this case under Chapter 15 of the Bankruptcy Code. In addition, the Petitioners seek relief under Section 1521 of the Bankruptcy Code, enabling them to take discovery and obtain information in connection with the Debtors' assets, liabilities, and affairs.

2. As demonstrated by this Recognition Petition, the Exhibits thereto, the accompanying *Declaration of Bruce Alexander Mackay in Support of the Joint Verified Petition for Recognition Under Chapter 15 and Relief Under 11 U.S.C. § 1521* (the "Mackay Declaration"), and the *Joint Memorandum of Law in Support of Petitions for Recognition and Chapter 15 Relief* filed concurrently herewith, Petitioners are individual persons who are the duly authorized foreign representatives of the Debtors and, as such, are entitled to directly petition this Court for recognition of the Cayman Islands Proceedings under 11 U.S.C. § 1509. The Cayman Islands Proceedings are foreign proceedings under 11 U.S.C. § 101(23). In addition, the Cayman Islands Proceedings are foreign main proceedings as defined by 11 U.S.C. § 1502(4) because they are pending in the Cayman Islands, which are and have always been the location of the Debtors' registered offices and centers of main interests. See 11 U.S.C. §§ 1516(c) and 1517(b)(1).

3. Because the Cayman Islands Proceedings are foreign main proceedings under 11 U.S.C. § 1504(4), recognition of the Cayman Islands Proceedings would not be manifestly contrary to U.S. public policy under 11 U.S.C. § 1506, because Petitioners are foreign representatives who are persons, and because Petitioners have complied with all requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Petitioners are entitled to seek entry of an order, substantially in the form of the proposed order annexed hereto as **Exhibit A**, recognizing the Cayman Islands Proceedings as foreign main proceedings under 11 U.S.C. § 1517(b)(1).

4. The following documents are annexed hereto in support of this Recognition Petition:

a) Pursuant to 11 U.S.C. § 1515(b), certified copies of the orders commencing proceedings and appointing the Petitioners as the JOLs of the Debtors are attached hereto as **Exhibit B**.

b) Pursuant to 11 U.S.C. § 1515(c), a statement certifying, among other things, that no other foreign proceedings with respect to the Debtors are known to the Petitioners, is attached hereto as **Exhibit C**.

c) Pursuant to Bankruptcy Rule 1007(a)(4), a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtors, and all parties to litigation pending in the United States in which the Debtors are party at the time of the filing of this Recognition Petition, is attached hereto as **Exhibit D**.

d) Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1, a corporate ownership statement for each individual Debtor is attached hereto as **Exhibit E**.

5. Additionally, a proposed Order Recognizing Foreign Main Proceedings and Granting Related Relief is attached hereto as **Exhibit A**. Each of the documents set forth above, including the Mackay Declaration, is incorporated by reference as if fully set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1410 in that the Debtors' principle assets in the United States are located within this district as set forth below, making venue proper pursuant to 28 U.S.C. § 1410(1), and, alternatively, the Chapter 15 case of the Debtors' parent company, Awal Bank, BSC ("Awal Bank"), is currently pending in this district, making venue proper pursuant to 28 U.S.C. § 1410(3). The statutory predicates for relief are sections 105, 1504, 1515, 1519, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

### A. Corporate Structure.

8. The Debtors are subsidiaries of, and are 100% owned by, Awal Bank, a foreign banking corporation in administration (as described below) in the Kingdom of Bahrain. Prior to the commencement of the administration proceedings, Awal Bank's principal business involved the investment of assets held in Bahrain and throughout the world. Its counterparties and customers were primarily other banks located mainly in the Middle East and Europe.

9. On December 1, 2006, Awal Bank organized Debtor Awal Master Fund ("AMF") as an unrestricted company under the laws of the Cayman Islands. See AMF Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit A. AMF is a special purpose investment vehicle established to hold specific investment securities. As of February 15, 2015, AMF held approximately $79 million of liquidated assets located in the Cayman Islands, under the control and custody of the JOLs, in major financial institutions in the Cayman Islands. AMF holds only one unliquidated asset in the form its interest in the Touradji Private Equity Offshore Fund Ltd hedge fund, which is located at 101 Park Avenue, 48th Floor, New York, NY 10178, and associated distributions. These interests are 100% owned by AMF,

and have an approximate reported net asset value of $986,000. AMF is 100% owned by AF1F (as defined below), which is in turn 100% owned by Awal Bank. See Mackay Decl. ¶ 8.

10. Also on December 1, 2006, Awal Bank organized Debtor AWAL Feeder 1 Fund Limited ("AF1F") as an unrestricted company under the laws of the Cayman Islands. See AF1F Amended Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit B. AF1F is as a special purpose vehicle established to hold a 100% equity interest in AMF. As of the filing of the Recognition Petition, AF1F has no holdings other than its equity interest in AMF. AF1F is 100% owned by Awal Bank. See Mackay Decl. ¶ 9.

11. On August 14, 2006, Awal Bank organized Debtor Awal Finance Company Limited ("AFCL") as an unrestricted company under the laws of the Cayman Islands. See AFCL Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit C. AFCL is a special purpose investment vehicle established to hold specific investment securities. On August 29, 2008, AFCL sold its entire investment portfolio to JP Morgan Securities Ltd. for $545 million. As of the filing of the Recognition Petition, the only material asset held by AFCL is a $24.3 million loan owed by Awal Bank. AFCL is 100% owned by Awal Bank. See Mackay Decl. ¶ 10.

12. On November 6, 2006, Awal Bank organized Debtor Awal Finance Company (No. 2) Limited ("AFCL2") as an unrestricted company under the laws of the Cayman Islands. See AFCL2 Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit D. AFCL2 is a special purpose investment vehicle established to hold specific investment securities. As of February 15, 2015, AFCL2 held approximately $59 million of liquidated assets, under the control and custody of the JOLs, in major financial institutions in the Cayman Islands. AFCL2 is 100% owned by Awal Bank. See Mackay Decl. ¶ 11.

13. Also on November 6, 2006, Awal Bank organized Debtor Awal Finance Company (No. 3) Limited ("AFCL3") as an unrestricted company under the laws of the Cayman Islands. See AFCL3 Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit E. AFCL3 is a special purpose investment vehicle established to hold specific investment securities. During the two months following its organization AFCL3 purchased investment securities in the amount of $73.7 million. Through December 31, 2008, AFCL3 reported investment losses of approximately $52 million. The JOLs are in the process of investigating these losses. As of February 15, 2015, AFCL3 held no unliquidated assets and *de minimus* liquidated assets. AFCL3 is 100% owned by Awal Bank. See Mackay Decl. ¶ 12.

14. On April 20, 2004, Saad Investments Company Limited ("SICL") established Saad Investments Finance Company (No. 4) Limited as an unrestricted company under the laws of the Cayman Islands. See AFCL4 Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit F. On November 10, 2007, SICL transferred ownership of the entity to Awal Bank, and changed the name of the entity to Awal Finance Company (No. 4) Limited ("AFCL4"). See AFCL4 Certificate of Incorporation of Change of Name, attached to the Mackay Decl. as Exhibit G. AFCL4 is a special purpose investment vehicle established to hold specific investment securities. On August 29, 2008, AFCL4 sold all of its investment securities to JP Morgan Bank and JP Morgan Securities Ltd. for $384 Million. As of the filing of the Recognition Petition, the only material asset retained by AFCL4 is a $19 million loan owed by SICL. AFCL4 is 100% owned by Awal Bank. See Mackay Decl. ¶ 13.

15. On November 3, 2006, SICL established Saad Investments Finance Company (No. 5) Limited as an unrestricted company under the laws of the Cayman Islands. See AFCL5 Memorandum and Articles of Association, attached to the Mackay Decl. as Exhibit H. On

November 10, 2007, SICL transferred ownership of the entity to Awal Bank, and changed the name of the entity to Awal Finance Company (No. 5) Limited ("AFCL5"). See AFCL5 Certificate of Incorporation of Change of Name, attached to the Mackay Decl. as Exhibit I. AFCL5 is a special purpose investment vehicle established to invest in hedge funds. As of February 15, 2015, AFCL5 held approximately $75 million in liquidated assets, under the control and custody of the JOLs, in major financial institutions in the Cayman Islands. AFCL5 is 100% owned by Awal Bank. See Mackay Decl. ¶ 14.

16. In addition to the liquidated assets held in the Cayman Islands (described above) each Debtor has provided a $10,000 retainer to Brown Rudnick LLP, which is held in Citibank N.A., located in the State of New York. See Mackay Decl. ¶ 32.

### B. The Awal Bank Administration Proceedings.

17. The Central Bank of Bahrain ("CBB") is the government entity responsible for regulating the financial services industry in Bahrain. See Decree Law No. 64 of 2006, the Central Bank of Bahrain and Financial Institutions Law ("CBBFIL"), Art. 4(4). By Resolution No. 38 of 2009, dated July 30, 2009, the Governor of the CBB, acting under the authority of the CBBFIL, placed Awal Bank in administration, thereby commencing insolvency proceedings in Bahrain. The CBB stated that administration was necessary because: (a) Awal Bank had become insolvent; and (b) it would cause damage to the financial services injury in Bahrain if Awal bank continued to provide regulated financial services. By Resolution No. 44 of 2009, dated August 13, 2009, the Governor of the CBB appointed Charles Russell LLP (n/k/a Charles Russell Speechlys LLP) ("Charles Russell Speechlys"), to serve as the external administrator of Awal Bank (the "External Administrator").

18. As part of the External Administrator's efforts to equitably administer Awal Bank's worldwide assets pursuant to the Foreign Proceeding's supervision, on September 30, 2009, the External Administrator, as Awal Bank's foreign representative, filed a Verified Petition For Recognition Of Foreign Proceeding And Motion For Provisional Relief, thereby commencing a case under Chapter 15 of title 11 of the United States Code. See 11 U.S.C. §§ 1504 and 1515. Shortly thereafter, on October 27, 2009, this Court signed an order recognizing Awal Bank's liquidation proceeding as a foreign main proceeding. See *Order Granting Recognition of Foreign Main Proceeding and Relief in Aid Thereof*, Case No. 09-15923 (Bankr. S.D.N.Y. Oct. 27, 2009) [Dkt. No. 18].

### C. The Cayman Islands Proceedings.

19. On September 28, 2009, Awal Bank, as the sole owner of the Debtors, held an extraordinary general meeting at the offices of Charles Russell Speechlys in Manama, Bahrain. At that meeting, Charles Russell Speechlys, acting in its capacity as External Administrator, made a special resolution that the Debtors were to be voluntarily wound up, and that an application would be made to the Cayman Islands Court for supervision. See Written Special Resolutions, attached to the Mackay Decl. as Exhibit K.

20. On November 16, 2009, the Cayman Islands Court entered the Supervision Orders commencing the Cayman Islands Proceedings and appointing the Petitioners as the AwalCo Entities' JOLs under section 105 of Part V of the Cayman Companies Law. See Supervision Orders attached as **Exhibit B** hereto.

21. The Supervision Orders granted Petitioners the sanction of the Cayman Islands Court to, *inter alia*: (i) take possession of the property of the Debtors; (ii) do all acts and execute deeds, receipts and other documents on behalf of the Debtors; (iii) bring or defend legal

proceedings on behalf of the Debtors; (iv) carry on the business of the Debtors; (v) dispose of any property of the Debtors; (vi) make compromises and arrangements with creditors; and (vii) raise and borrow money and grant securities over the property of the Debtors. See Supervision Orders ¶¶ 4(a), 5.

22. Following entry of the Supervision Orders, the Petitioners, under their authority as JOLs, and operating out of their offices located in the Cayman Islands, engaged in a thorough investigation of each AwalCo Entity. Through this investigation Petitioners were able to identify and effect the liquidation of substantially all of the Debtors' assets, an aggregate amount of approximately $230 million. On liquidation, the Debtors' assets were transferred to accounts in the names of the Debtors and under the control of the JOLs at three major financial institutions in the Cayman Islands. Under the authority of the Petitioners, approximately $17 million of these funds have been expended during the liquidation, with approximately $213 million remaining.

23. In addition to effecting and overseeing the Cayman Islands Proceedings, the Petitioners have assumed all governance and management duties of the Debtors during the pendency of the Cayman Islands Proceedings. Actions in relation to the governance and management of the Debtors have been taken from the Petitioners' office in the Cayman Islands, which serves as both the center of main interests, and as an establishment, of the Debtors.

24. At this point in the liquidations, the final bar preventing the Petitioners from distributing the Debtors' remaining assets to their creditors is a disputed claim pending against the collective Debtors and others for $9.2 billion, which is being vigorously defended, which claim is held by the Ahmad Hamad Algosaibi and Brothers Company ("AHAB"). The Petitioners are engaged in litigation with AHAB over the amount of this claim in the Cayman

Islands Grand Court. See Cayman Islands Grand Court, Cause No. FSD 54 of 2009. On June 17, 2011, the Petitioners admitted AHAB's proof of debt against the collective Debtors for the nominal sum of $1.

## **RELIEF REQUESTED**

25. The Petitioners respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the following relief:

(i) Recognition of the Cayman Islands Proceedings as foreign main proceedings as defined in §§ 1502(4) and 1517(b)(1) of the Bankruptcy Code;

(ii) Granting relief as of right upon recognition of a foreign main proceeding pursuant to 11 U.S.C. § 1520(a);

(iii) Granting the Petitioners the rights and powers to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities pursuant to 11 U.S.C. § 1521(a)(4);

(iv) Entrusting to the Petitioners the administration and realization of all of the Debtors' assets within the territorial jurisdiction of the United States pursuant to 11 U.S.C. § 1521(a)(5); and

(v) Awarding Petitioners such other and further relief as this Court may deem just and proper.

In the event the Court determines that the Cayman Islands Proceedings are not eligible to be recognized as foreign main proceedings, Petitioners seek, in the alternative, recognition of the Cayman Islands Proceedings as foreign nonmain proceedings, as defined in 11 U.S.C. § 1502(5), and requests that the Court grant the relief authorized by §§ 1521(a)(1)-(3) of the Bankruptcy Code and such other and further relief requested in the paragraphs above.

## NO PRIOR REQUEST

26. The Petitioners have not previously sought the relief requested herein from this or any other court.

*(Remainder of Page Intentionally Left Blank)*

## **CONCLUSION**

WHEREFORE, the Petitioners respectfully request that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 19, 2015
       New York, New York        **BROWN RUDNICK LLP**

                                         /s/ David J. Molton
                                         David J. Molton
                                         Rebecca L. Fordon (*pro hac vice* pending)
                                         Kiersten A. Taylor (*pro hac vice* pending)
                                         Seven Times Square
                                         New York, New York 10036
                                         Telephone: (212) 209-4800
                                         Facsimile: (212) 209-4801
                                         Email: dmolton@brownrudnick.com
                                         Email: rfordon@brownrudnick.com
                                         Email: ktaylor@brownrudnick.com

                                         *Counsel for Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as the Joint Official Liquidators and Foreign Representatives of the AwalCo Entities*

## VERIFICATION

I, Bruce Alexander Mackay, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a duly authorized official liquidator and foreign representative of the AwalCo Entities.

2. I have read the foregoing Recognition Petition and I am informed and I believe that the factual allegations contained therein are true and correct.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of March, 2015

/s/ Bruce Alexander Mackay
Bruce Alexander Mackay, solely in his capacity as joint official liquidator and duly appointed foreign representative of the AwalCo Entities, and not individually.