David J. Molton
Rebecca L. Fordon (*pro hac vice* pending)
Kiersten A. Taylor (*pro hac vice* pending)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  rfordon@brownrudnick.com
Email:  ktaylor@brownrudnick.com

*Counsel for Christopher Dorrien Johnson, Russell Homer,
Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly,
in their capacity as the Joint Official Liquidators and Foreign
Representatives of the AwalCo Entities*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 5) Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Master Fund,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Feeder 1 Fund Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 2) Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 3) Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **Awal Finance Company (No. 4) Limited,** | : | **Case No. 15-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**MOTION OF FOREIGN REPRESENTATIVES TO AUTHORIZE
JOINT ADMINISTRATION OF CASES PURSUANT TO 11 U.S.C. §§ 1519 AND 1521**

Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as the joint official liquidators and duly appointed foreign representatives (the "Petitioners" or "JOLs") of the AwalCo Entities,[1] debtors in bankruptcy proceedings (the "Cayman Island Proceedings") under Part V of the Companies Law

---

[1] The "AwalCo Entities" or the "Debtors," along with the last four digits of each Debtor's registration number, are: Awal Master Fund (8344); Awal Feeder 1 Fund Limited (8345); Awal Finance Company Limited (2434); Awal Finance Company (No. 2) Limited (6834); Awal Finance Company (No. 3) Limited (6837); Awal Finance Company (No. 4) Limited (4954); and Awal Finance Company (No. 5) Limited (6754). The mailing address of the Debtors' Registered Office is c/o Chris Johnson Associates, P.O. Box 2499, Phase III Elizabethan Square, 80 Shedden Road, George Town Grand Cayman KY1-1104, Cayman Islands.

of the Cayman Islands (2013 Revision) (the "Cayman Companies Law"), currently pending before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Island Court"), by their undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the above-captioned Chapter 15 cases pursuant to section 1521 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of the Motion, the Petitioners respectfully represent as follows:[2]

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

2. Venue with respect to the Debtors' Chapter 15 cases is proper pursuant to 28 U.S.C. § 1410(1), because the Debtors' principal assets in the United States – bank accounts – are located in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1410 in that the Debtors' principle assets in the United States are located within this district as set forth below, making venue proper pursuant to 28 U.S.C. § 1410(1), and, alternatively, the Chapter 15 case of the Debtor's parent company, Awal Bank, BSC, is currently pending in this district, making venue proper pursuant to 28 U.S.C. § 1410(3).

## BACKGROUND

3. The Petitioners have commenced these Chapter 15 cases for the purpose of obtaining relief that will aid in the reorganization of the Debtors in the Cayman Islands Proceedings, as more fully set forth in the Memorandum of Law and the *Declaration of Bruce*

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given in the *Memorandum of Law in Support of Joint Verified Petition for Recognition and Chapter 15 Relief* (the "Memorandum of Law"), filed simultaneously herewith.

*Alexander Mackay in Support of the Joint Verified Petition for Recognition Under Chapter 15 and Relief Under 11 U.S.C. § 1521* (the "Mackay Declaration").

4. In support of this application, Petitioners refer the Court to the statements contained in (i) the Memorandum of Law and (ii) the Mackay Declaration, which were filed contemporaneously herewith and are incorporated herein by reference. In further support of the relief requested herein, Petitioners respectfully represent as follows:

## RELIEF REQUESTED

5. By this Motion, the Petitioners seek entry of an order from this Court, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, directing the joint administration of the Debtors' Chapter 15 cases for procedural purposes only.

6. The Petitioners request that this Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered Chapter 15 cases:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| **In re:** | ) | **Chapter 15 Case** |
|---|---|---|
| | ) | |
| **Awal Finance Company (No. 5) Limited, et al.,** | ) | **Case No. _____** |
| | ) | **Jointly Administered** |
| | ) | |
| **Debtors in Foreign Proceedings.** | ) | **Hon. Judge _____** |
| | ) | |

7. The Petitioners also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each of the Chapter 15 cases to reflect the joint administration of these cases.

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of Awal Master Fund, Awal Feeder 1 Fund Limited, Awal Finance Company Limited, Awal Finance Company (No. 2) Limited, Awal

Finance Company (No. 3) Limited, Awal Finance Company (No. 4) Limited, and Awal Finance Company (No. 5) Limited (6754). The docket in Case No. _____ should be consulted for all matters affecting these cases.

## JOINT ADMINISTRATION IS WARRANTED

8. Section 1519 of the Bankruptcy Code permits this Court upon the filing of a petition under Chapter 15 to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519. Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon request of a foreign representative, to grant any "additional relief that may be available to a trustee," which includes joint administration. 11 U.S.C. § 1521. The Petitioners respectfully submit that joint administration of these Chapter 15 cases will help ensure that the Debtors' assets and the interests of the Debtors' creditors will be sufficiently protected. See also Fed. R. Bankr. P. 1015 ("If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.").

9. If joint administration is ordered, the Petitioners will be able to preserve assets of the Debtors' estates and avoid considerable and unnecessary expense and loss of time by obviating the necessity for filing duplicate motions, requesting duplicate orders and forwarding duplicate notices that affect one or all of the Debtors and related parties in interest.

10. Additionally, joint administration will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' bankruptcy cases, and (ii) file documents in one of the Debtors' bankruptcy cases rather than in multiple cases.

11. Moreover, joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective Chapter 15 cases will be apprised of the various matters that will be heard by this Court in those cases.

12. In addition to saving the Debtors considerable time and expense, joint administration of these cases will also preserve the Court's resources by avoiding duplicative notices, applications and orders. Among other things, joint administration of the Debtors' estates will permit the Clerk of the Court to use a single, general docket for the Debtors' cases and to combine notices to creditors and other parties in interest. Additionally, the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

13. Furthermore, the rights of the Debtors' respective creditors, stakeholders and any other parties in interest will not be adversely affected by joint administration of these Chapter 15 cases because the relief requested in this Motion is purely administrative and in no way affects any party's substantive rights. All parties in interest will retain whatever claims, interests, or other rights they have in or against a particular Debtors and that Debtor's estate. Indeed, joint administration will ensure that all creditors may look to one bankruptcy case docket to file their motions or otherwise seek redress against the Debtors.

## NOTICE

14. In light of the administrative nature of the relief requested, the Petitioners submit, and request that this Court hold, that no further or additional notice of this Motion is required to any parties. In accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure, the Petitioners will serve a copy of the signed order approving this Motion on (i) the Office of the United States Trustee, (ii) all persons or bodies authorized to administer the Cayman Islands Proceedings, and (iii) such other entities as the Court may direct. Accordingly, the Petitioners

request that the Court grant this motion without requiring further and additional notice.

15. This Motion does not raise any novel issues of law and, accordingly, the Petitioners respectfully request that the requirement for a submission of a memorandum of law be waived.

16. No prior request for the order sought herein has been made to this or any other court.

WHEREFORE, the Petitioners respectfully request that this Court enter an Order, substantially in the form of that attached hereto as Exhibit A, authorizing and directing the joint administration of the Debtors' Chapter 15 cases and granting such other and further relief as is just and proper.

Dated: March 19, 2015
New York, New York

**BROWN RUDNICK LLP**

/s/ David J. Molton
David J. Molton
Rebecca L. Fordon (*pro hac vice* pending)
Kiersten A. Taylor (*pro hac vice* pending)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: rfordon@brownrudnick.com
Email: ktaylor@brownrudnick.com

*Counsel for Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as the Joint Official Liquidators and Foreign Representatives of the AwalCo Entities*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 5) Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Master Fund,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Feeder 1 Fund Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 2) Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 3) Limited,** | : | **Case No. 15-** |
| Debtor in a Foreign Proceeding. | : | |

| | : | |
|---|---|---|
| **In re:** | : | Chapter 15 |
| | : | |
| **Awal Finance Company (No. 4) Limited,** | : | Case No. 15- |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

## ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES PURSUANT TO 11 U.S.C. § 1521

Upon the motion (the "Motion") of Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as the joint official liquidators and duly appointed foreign representatives (the "Petitioners" of "JOLs") of the AwalCo Entities,[1] debtors in bankruptcy proceedings (the "Cayman Island Proceedings") under Part V of the Companies Law of the Cayman Islands (2013 Revision) (the "Cayman Companies Law"), currently pending before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Island Court"), for the entry of an Order authorizing the joint administration of the above-captioned Chapter 15 cases (collectively, the "Chapter 15 Cases") pursuant to 11 U.S.C. § 1521, and for procedural purposes only; and upon consideration of the Motion and the arguments contained therein; and the Court having found that no other or further notice need be given; and sufficient cause appearing therefore, it is hereby

ORDERED, that the Chapter 15 Cases shall be jointly administered, for procedural purposes only, in accordance with the terms of this Order; and it is further

---

[1] The "AwalCo Entities" or the "Debtors," along with the last four digits of each Debtor's registration number, are: Awal Master Fund (8344); Awal Feeder 1 Fund Limited (8345); Awal Finance Company Limited (2434); Awal Finance Company (No. 2) Limited (6834); Awal Finance Company (No. 3) Limited (6837); Awal Finance Company (No. 4) Limited (4954); and Awal Finance Company (No. 5) Limited (6754). The mailing address of the Debtors' Registered Office is c/o Chris Johnson Associates, P.O. Box 2499, Phase III Elizabethan Square, 80 Shedden Road, George Town Grand Cayman KY1-1104, Cayman Islands.

ORDERED, that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of above-captioned Chapter 15 cases; and it is further

ORDERED, that the joint caption of the cases shall read as it appears immediately below:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 15 Case** |
| | ) | |
| **Awal Finance Company (No. 5) Limited,** | ) | **Case No.** _____ |
| **et al.,** | ) | **Jointly Administered** |
| | ) | |
| **Debtors in Foreign Proceedings.** | ) | **Hon. Judge** _____ |
| | ) | |

ORDERED, that a docket entry shall be made in each of the above-captioned Chapter 15 cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of Awal Master Fund, Awal Feeder 1 Fund Limited, Awal Finance Company Limited, Awal Finance Company (No. 2) Limited, Awal Finance Company (No. 3) Limited, Awal Finance Company (No. 4) Limited, and Awal Finance Company (No. 5) Limited (6754). The docket in Case No. _____ should be consulted for all matters affecting these cases.

And it is further

ORDERED, that service of this Order as provided in the Motion shall be deemed good and sufficient notice.

Dated: _____ 2015
       New York, New York

                                        _____
                                        HONORABLE _____
                                        UNITED STATES BANKRUPTCY JUDGE