**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 5) Limited,** | : | **Case No. 15-** 10652 (MEW) |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Master Fund,** | : | **Case No. 15-** 10653 (MEW) |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Feeder 1 Fund Limited,** | : | **Case No. 15-** 10654 (MEW) |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company Limited,** | : | **Case No. 15-** 10655 (MEW) |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 2) Limited,** | : | **Case No. 15-** 10656 (MEW) |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | **Chapter 15** |
| **Awal Finance Company (No. 3) Limited,** | : | **Case No. 15-** 10657 (MEW) |
| Debtor in a Foreign Proceeding. | : | |

| | : | |
|---|---|---|
| **In re:** | : | Chapter 15 |
| | : | |
| **Awal Finance Company (No. 4) Limited,** | : | Case No. 15- 10658 (MEW) |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**ORDER RECOGNIZING FOREIGN MAIN
PROCEEDINGS AND GRANTING RELATED RELIEF**

Upon the *Joint Verified Petition for Recognition and Chapter 15 Relief* (the "Recognition Petition")[1] filed by Christopher Dorrien Johnson, Russell Homer, Bruce Alexander Mackay, and Geoffrey Lambert Carton-Kelly, in their capacity as official liquidators and foreign representatives of the above-captioned debtors (the "Debtors"), seeking recognition of the bankruptcy proceedings of the Debtors, filed under Part V of the Companies Law of the Cayman Islands (2013 Revision) and currently pending before the Grand Court of the Cayman Islands (the "Cayman Islands Proceedings"), as "foreign main proceedings" pursuant to section 1517 of the Bankruptcy Code and related relief under Chapter 15; and upon the hearing on the Recognition Petition and this Court's review and consideration of the Recognition Petition, the Mackay Declaration, and the Memorandum of Law;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Recognition Petition.

[2] The findings and conclusions set forth herein and in the record of the hearing on the Recognition Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted here as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

3

B.  The consideration of the Recognition Petition and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.  Good, sufficient, appropriate and timely notice of the filing of the Recognition Petition and the hearing on the Recognition Petition has been given by the Petitioners.

E.  No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.  The Chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.  The Petitioners are "persons" pursuant to section 101(41) of the Bankruptcy Code and are the "foreign representatives" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code, and the Petitioners have satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.  The Cayman Islands Proceedings are pending in the Cayman Islands, where the Debtors' "center(s) of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, are located and, accordingly, the Cayman Islands Proceedings are "foreign main proceedings" pursuant to 1502(4) of the Bankruptcy Code, and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.  The Petitioners are the duly appointed foreign representatives of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

J.  The Petitioners are entitled to all the relief provided pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the

4

assets of the Debtors and the interest of Debtors' creditors.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Recognition Petition is **GRANTED**.

2. The Cayman Islands Proceedings are recognized as foreign main proceedings pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of such recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3. The Petitioners are and shall be recognized as the foreign representatives of the Debtors.

4. The Petitioners are entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Petitioners:

    a. have the rights and powers to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities; and

    b. are entrusted with the administration and realization of all of the Debtors' assets within the territorial jurisdiction of the United States; and

5. The Petitioners are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding in and through these Chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown that is properly commenced and within the jurisdiction of this Court.

Dated: May 5, 2015
      New York, New York

                              **s/Michael E. Wiles**
                              HONORABLE MICHAEL E. WILES
                              UNITED STATES BANKRUPTCY JUDGE